IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERESA GARNER,

                  Plaintiff,

  v.

MARK ESPER, DEPARTMENT OF DEFENSE DECA,
FEDERAL BUREAU OF INVESTIGATION,
CHRISTOPHER A. WRAY, WILLIAM P. BARR,
DEPARTMENT OF LABOR BUREAU OF LABOR
STATISTICS, EUGENE SCALIA, DEPARTMENT
OF COMMERCE BUREAU OF COMMERCE, and
WILBUR ROSS,

                  Defendants.

OPINION and ORDER

19-cv-1047-jdp

---

Pro se plaintiff Theresa Garner has filed a civil action against individuals and entities associated with the United States Departments of Defense, Commerce, and Labor, and the Federal Bureau of Investigation, contending that they have violated settlement agreements entered in previous employment-related litigation in Ohio and Arizona. Garner's allegations are difficult to understand, but she alleges generally that defendants have conspired to retaliate against her, defame her, discriminate against her, and falsely imprison her. As a result, Garner has suffered various negative consequences, including being unable to obtain loans and energy assistance from Wisconsin's weatherization program, being accused of owing back taxes, being directed to undertake unnecessary home repairs, being referred to a behavioral health crisis worker, being detained at a Holiday Inn, and being held at the Canadian border. Garner has filed a motion for emergency injunctive relief, requesting that the court enjoin defendants from breaching the settlement agreement further. Dkt. 4.

Garner also has filed several motions requesting that the court enjoin Milwaukee County employees associated with the Department of Health and Human Services and Milwaukee County's Energy Assistance Program who have been harassing her, defaming her, stalking her, and tracking her email and telephone conversations. Dkts. 6–8. She also requests a criminal investigation into her mother's 2018 death, Dkt. 8, and court assistance in recruiting counsel to represent her in this case, Dkt. 9.

Because Garner is proceeding without prepayment of fees and costs under 28 U.S.C. §1915, I must screen the pleadings to determine whether she has stated a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). This means that Garner's complaint must include factual allegations that state a plausible claim for relief. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). *See also* Fed. R. Civ. P. 8(a)(2). In addition, her complaint must provide notice to the defendants of what Garner believes they did to violate her rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Garner's pleadings do not meet this standard. Although Garner has filed multiple pleadings and attachments in which she alleges that she has been injured in numerous ways, she has not explained clearly why the defendants identified in the caption of her complaint should be held responsible for her injuries. Her allegations are vague, confusing, and, at times, nearly incomprehensible. She says that defendants violated settlement agreements, but she does not explain clearly what settlement agreements she is referring to, how defendants breached the agreements, or how defendants' breaching employment-related settlement agreements is connected to her current problems with Milwaukee County. It would be unfair to defendants to serve them with Garner's pleadings in their current form, because the pleadings do not give defendants fair notice of what actions they took that have violated Garner's rights.

Garner's pleadings also appear to include unrelated claims against unrelated defendants. Her initial complaint and motion for injunctive relief relate to allegations concerning defendants' alleged breach of settlement agreements. But her more recent motions concern actions by Milwaukee County employees, who she has not named as defendants, and her difficulty in obtaining energy and weatherization assistance. Garner's allegations and claims about Milwaukee County employees do not appear to be sufficiently related to her claims about settlement breaches, such that they should proceed in the same lawsuit. Under Rules 20 and 21 of the Federal Rules of Civil Procedure, the court has the authority to sever lawsuits that would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. *Lee v. Cook*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004).

Because Garner's pleadings do not state a plausible claim for relief and contain multiple unrelated allegations, I will dismiss her pleadings at this time. I will also deny her requests for emergency injunctive relief for the same reasons. But I will give her an opportunity to clarify her claims and include the allegations that are missing. If Garner chooses to file an amended complaint, she should keep in mind the following:

- **Her complaint must be only one document.** In other words, Garner should not file multiple documents and exhibits to support her claims. She should include all of the allegations necessary to support her claims in her complaint.
- **She must limit the complaint to a single transaction or occurrence or a series of related transactions and occurrences.**
- **She must include sufficient factual detail regarding the "who, what, when, where, and why."** Garner should keep her complaint short and to the point. She

should draft it as if she were telling a story to people who know nothing about her situation. This means she should explain: (1) what happened, specifically, to make her believe she has a legal claim; (2) when it happened; (3) where it happened; (4) who did it; (5) why; and (6) how the court can assist her in relation to those events. She should include allegations that would allow someone reading the complaint to answer the following questions:

- When did Garner enter into settlement agreements with defendants?

- How many settlement agreements are at issue, and how are they related to each other?

- Who were parties to the settlement agreements?

- What specific actions did the named defendants take that violated the settlement agreements?

- How was Garner injured by defendants' violations of the settlement agreements?

- Why is Garner seeking to enforce the settlement agreements in Wisconsin, rather than in the courts where the settlement agreements were entered?

- How are Garner's allegations concerning Milwaukee County employees related to her allegations against the federal defendants?

- How are Garner's allegations concerning her mother, the Holiday Inn incident, and the Canada incident related to her allegations against named defendants?

- What specific relief does Garner want the court to provide?

Garner should take care to identify the specific actions taken by each individual defendant that she believes violated rights. She should set forth her allegations in separate, numbered paragraphs using short and plain statements. After she finishes drafting her complaint, she should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, she should make necessary changes.

If Garner files an amended complaint that explains her claims clearly, I will screen the complaint under 28 U.S.C. § 1915(e).

As for Garner's request for court assistance in recruiting counsel, I will deny the request at this time. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding lawyers to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). To obtain court assistance in recruiting counsel, Garner must show that the legal and factual difficulty of her case exceeds her ability to prosecute it. *Id.* at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can coherently present her case to the judge or jury herself. *Id.*

Garner has failed to identify any plausible claim for relief against any defendant, so it is not clear whether she will be permitted to proceed with this case at all. Therefore, it is premature to consider recruitment of counsel at this stage. If Garner is later permitted to proceed with this lawsuit and her claims are legally and factually complex, she may renew her request for assistance in recruiting counsel.

Finally, I have received notice from the clerk of court that Garner has been calling the clerk's office and cell phone repeatedly regarding the status of her case. Garner should stop doing so. If Garner has a question about the status of her case, she may file a written request for information. But she should know that the clerk's office has no control over when I will respond to a motion filed in a particular case. Although I attempt to address all motions promptly, this court is extremely busy and has many cases that require my attention. Therefore, Garner should understand that even if I do not rule on her motions immediately, I am aware of them.

ORDER

IT IS ORDERED that:

1. Plaintiff Theresa Garner's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff's motions for a preliminary injunction, to enforce settlement agreement, to expedite, and for assistance in recruiting counsel, Dkts. 1, 3, 4, 8, and 9, are DENIED.

3. Plaintiff may have until February 11, 2020 to file an amended complaint that clarifies her claims against defendants as set forth above.

Entered January 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge